UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAFOUZE DIALLO,

                Petitioner,

    v.

BRUCE SCOTT, *et al.*,

                Respondents.

CASE NO. 2:26-cv-00975-GJL

ORDER DIRECTING PETITIONER
TO AMEND PETITION

Petitioner Mafouze Diallo, through counsel, initiated this action pursuant to 28 U.S.C. § 2241, seeking immediate release from immigration detention on the grounds that his detention had become unconstitutionally prolonged (Count I) and that detention without the possibility of release violated due process (Count II). Dkt. 1 at 19–24. Petitioner raises related claims for declaratory and injunctive relief (Counts III and IV, respectively). *Id.* at 24–25.

On April 16, 2026, Petitioner was released from immigration detention. Dkt. 14. The Court then directed Petitioner to show cause why this action should not be dismissed as moot. Dkt. 16 (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence'

ORDER DIRECTING PETITIONER TO AMEND
PETITION - 1

that may be redressed by success on the petition.")). In response, Petitioner contends that a live controversy remains because he is subject to significant conditions of supervision that render him "in custody" for purposes of habeas jurisdiction and impose ongoing restraints on his liberty. Dkt. 17.

The Court agrees that Petitioner's current circumstances may satisfy the "in custody" requirement for purposes of habeas jurisdiction. However, the claims currently asserted in the Petition challenge only Petitioner's prior immigration detention and do not address the constitutionality of his current custody arrangement. Thus, Petitioner must file an amended petition if he wishes to proceed in this action.

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner shall file an amended petition addressing any constitutional claims related to his current custody arrangement no later than **May 11, 2026**.

2. Respondent shall file a return to the amended petition no later than seven (7) days after service of the amended petition.

3. Petitioner may file an optional reply no later than three (3) days after the filing of the return.

Aside from the above briefing schedule, all other requirements outlined in the initial Scheduling Order remain in effect. Dkt. 3. Failure to file an amended petition by the required deadline **MAY** result in this action being **dismissed without prejudice**.

Dated this 29th day of April, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DIRECTING PETITIONER TO AMEND
PETITION - 2